UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

MICHAEL LEE KITCHEN                    CIVIL ACTION NO. 5:19-CV-01062

VERSUS                                 JUDGE TERRY L. DOUGHTY

WALK-ON'S BISTREAUX & BAR              MAG. JUDGE KAREN L. HAYES

RULING

Pending before the Court are a Motion to Dismiss under Rules 12(b)(5) and 12(b)(6) [Doc. No. 8] filed by Defendant Bossier Eats, LLC ("Bossier Eats") d/b/a Walk-On's Bistreaux & Bar[1] and a Motion for Summary Judgment [Doc. No. 15] filed by Plaintiff Michael Lee Kitchen ("Kitchen").   The motions are fully briefed.

For the following reasons, Bossier Eats' Motion to Dismiss is GRANTED IN PART and DENIED IN PART AS MOOT, and Kitchen's Motion for Summary Judgment is DENIED AS MOOT.

I.      ALLEGED FACTS AND PROCEDURAL HISTORY

On August 14, 2019, Kitchen filed a Complaint against Bossier Eats.  [Doc. No. 1].  He contends that he was formerly employed by Bossier Eats at its Bossier City Walk-On's location and that he was terminated after an altercation with a co-worker.  *Id.*  He alleges in his Complaint that his conflict with the co-worker was "non-racial," but it is his "opinion" that the "terminating managers," who are "Caucasian,"  "did not implement conflict resolution" because of his appearance--"long hair, brown skin, physically fit."  *Id.*  He further alleges that he was "judged"

---

[1]Bossier Eats was incorrectly  identified by Kitchen only as "Walk-On's Bistreaux & Bar."

during his employment for "not being the typical black male," which he defines as "sexually driven, ignorant, and illiterate."  He alleges that he was consistently "sexually harassed, verbally intimidated and threaten[ed] for being educated, hard working, and faithful to [his] relationship." *Id.*

Summons was issued for service on Bossier Eats on August 19, 2019.  [Doc. No. 5].

On August 21, 2019, Magistrate Judge Mark L. Hornsby issued a Memorandum Order [Doc. No. 6].  In light of Kitchen's *pro se* status, Magistrate Judge Hornsby advised him in pertinent part as follows:

> Plaintiff will first need to serve his complaint on [Bossier Eats][2].  Service may be accomplished **by delivering the summons, which will be issued by the Clerk of Court, and a copy of the complaint to [Bossier Eats'] registered agent for service** or other person authorized to receive service under Federal Rule of Civil Procedure 4. Rules for the various means of delivery and service are also set forth in Rule 4.  Plaintiff  must complete service and file evidence of service within 90 days of the filing of his complaint, which will be **November 12, 2019**. Failure to do so may result in dismissal of this civil action.

(emphasis added).

Kitchen did not file evidence of service.

However, on October 28, 2019, Bossier Eats filed the instant Motion to Dismiss.    [Doc. No. 8].  Bossier Eats argues that Kitchen's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) because he failed to effect service of process on it. Specifically, Bossier Eats contends that service was improper because Kitchen only mailed a copy of the summons, via certified mail, addressed to "Walk Ons Bistreaux and Bar" and further addressed to "Management Staff." [Doc. Nos. 8-2; 8-5].  Kitchen did not request Bossier Eats to waive service of process, and he did not request service of process on Christopher McJunkins

---

[2]Magistrate Judge Hornsby referred to Defendant as Walk-Ons Bistreaux  & Bar, as identified in the Complaint.

("McJunkins"),  the registered agent for Bossier Eats, the  entity that owns the Bossier City Walk-On's and that employed Kitchen.

Additionally, McJunkins has not been personally served with the Summons and Complaint, nor has anyone approached him to serve him in this lawsuit.

Alternatively, Bossier Eats moves the Court to dismiss Kitchen's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Bossier Eats contends that Kitchen failed to assert a sexual harassment complaint in his EEOC charge and thus any such claim is subject to dismissal for failure to exhaust administrative remedies.  Bossier Eats further contends that Kitchen's claim that his discharge was racially discriminatory is subject to dismissal because his Complaint lacks sufficient factual content to set forth a plausible claim for relief.

Kitchen filed a memorandum in opposition to Bossier Eats' Motion to Dismiss [Doc. No. 14] and a separate Motion for Summary Judgment [Doc. No. 15].  He clarifies that he seeks to bring "solely" a "wrongful termination" action against Bossier Eats, not a harassment or discrimination cause of action, because he should not have been terminated when it was his "coworker" who was the "violent verbal aggressor."  [Doc. No. 14, pp. 1-4].  He further argues that Bossier Eats is disingenuous with its argument that it did not receive the Complaint because parts of the Complaint are cited in its filing.  In his own Motion for Summary Judgment, Kitchen contends that, for the reasons stated in his memorandum in opposition to the Motion to Dismiss, the Motion to Dismiss is "negated."  [Doc. No. 15].  He then details his efforts to obtain service information on Bossier Eats, contending that Bossier Eats deliberately thwarted his efforts.  *Id.*

Bossier Eats filed a reply memorandum [Doc. No. 17] in support of its Motion to Dismiss,[3] as well as a memorandum in opposition to Kitchen's Motion for Summary Judgment.

---

[3]Bossier Eats first takes issue with the lateness of Kitchen's filing, contending that the opposition memorandum was untimely when it was "deemed" filed by the Court on November 21, 2019.  To clarify,

[Doc. No. 18].   In its reply, Bossier Eats responds that Kitchen has failed to show that he personally served Bossier Eats' agent for service of process with a copy of the summons and Complaint, and, therefore, his case should be dismissed.  Additionally, Bossier Eats argues that Kitchen should not be allowed to assert new claims of wrongful termination under Louisiana law and for a procedural due process violation as amendment would be futile.

In response to Kitchen's Motion for Summary Judgment, Bossier Eats argues that consideration of a motion for summary judgment is inappropriate because (1) Bossier Eats has a pending and meritorious Motion to Dismiss; (2) as part of that motion, Bossier Eats has presented evidence that it was not properly served, and jurisdiction has not yet attached; (3) Kitchen did not comply with local rules to provide a statement of undisputed material facts and to properly support his Motion for Summary Judgment with a memorandum; and (4) such motion is premature because discovery has not begun.  Kitchen did not file a reply.

The Court is now prepared to rule.

## II.    LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(5), "[w]hen service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service."  *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990).  The Court may consider affidavits or declarations in resolving Rule

---

November 21, 2019, is the date the Clerk's Office reviewed that filing.  The opposition memorandum was "filed" on November 15, 2019, but the Clerk's Office found that it was deficient and issued a notice of deficiency on November 18, 2019.  [Doc. No. 13].  The notice of deficiency explained that his memorandum "filed on November 15, 2019," was deficient,  explained the nature of the deficiency, and gave Kitchen ten (10 ) days to correct the deficiency.  *Id.*  He corrected the deficiency two days later, on November 20, 2019.  Kitchen's lateness, therefore, was a matter of three (3) days, an extension that the Court would certainly have granted to either party.  Given his *pro se* status, the Court will not dismiss a lawsuit on this basis.

The Court would note that Bossier Eats' own opposition memorandum, timely filed on December 5, 2019, was also deficient, a notice of deficiency also issued, and that deficiency was not corrected until December 16, 2019.  [Doc. Nos. 18, 19 & 20].

4

12(b)(5) motions.  *See Riley v. Office of Alcohol & Tobacco Control of Louisiana  Dep't of Revenue*,  No.  CV  18-6984, 2018 WL  6651082, at *3 (E.D.  La. Dec. 19, 2018) ("The Court may consider such affidavits when ruling on a Rule 12(b)(5) motion to dismiss."); *Thomas v. New Leaders for New Sch*., 278 F.R.D. 347, 351 (E.D. La. 2011) ("The Court may consider such affidavits when resolving a Rule 12(b)(5) challenge without converting the motion into a motion for summary judgment.").

Where a party has not complied with the rules for proper service and 90 days have passed,  the Court "must dismiss the action without prejudice . . . or order that service be made within a specified time."  FED. R. CIV. P. 4(m).  "Pro se status does not excuse a litigant's complete failure to effect service."  *Wells v. Hain Celestial Grp., Inc.,* No. 15-CV-0025, 2015 WL 9244892, at *2 (W.D. La. Nov. 23, 2015), report and recommendation adopted, No. CV 15-0025, 2015 WL 9094716 (W.D. La. Dec. 16, 2015) (quoting *Sys. Signs Supplies*, 903 F.2d at 1013).

Federal Rule of Civil Procedure 4(h), which refers to Rule 4(e)(1), sets forth the acceptable methods by which a corporate entity such as Bossier Eats may be served.  These include either delivering a copy of the summons and the complaint to a managing officer or agent or following state law for serving summons in the state where the district court is located. FED. R. CIV. P. 4(h)(1)(A)-(B); FED. R. CIV. P. 4(e)(1).  The Louisiana Code of Civil Procedure provides that a corporate entity is served "by personal service on any one of its agents for service  of  process."   LA. CODE CIV. PROC. ART.  1261(A).  However, "[a]n  agent  must  have actual authorization from the entity sought to be served.  Apparent authority is insufficient." *Poydras v. Iberiabank Corp*., No. 6:19-CV-01171, 2019 WL 5855834, at *1 (W.D. La. Nov. 7, 2019) (quoting *Smith v. Woman's Hosp*., 2015 WL 2357127, at *3 (M.D. La. May 15, 2015)).

In this case, Kitchen did not effectuate service on Bossier Eats using either of these acceptable methods.  First, the envelope Kitchen addressed only to "management staff" at the Bossier City Walk-Ons did not contain a copy of the  Complaint, but rather only the summons. To this extent, Kitchen's attempt at service failed to comply with Rule 4(c)(1).  FED R. CIV. P. 4(C) ("A summons must be served **with a copy of the complaint**." (emphasis added); s*ee  also Ceaser v. Dillards Dep't Store,* No. CV 6:17-01066, 2018 WL 3030126, at *3 (W.D. La. May 31, 2018), report and recommendation adopted sub nom. *Ceaser v. Dillards Dep't Store*, No. 6:17-CV-1066, 2018 WL 3029336 (W.D. La. June 18, 2018).

Furthermore,  the envelope was not delivered by a process server[4] to a managing officer or agent of the Company.  Whether McJunkins eventually received the envelope, and the fact that Bossier Eats' attorneys were able to access the Complaint via the Court's electronic filing system does not cure Kitchen's failure to effect service.  Kitchen failed to properly serve Bossier Eats in accordance with the Federal Rules of Civil Procedure or the Louisiana Code of Civil Procedure.

Well over 90 days have passed since the Complaint was filed in August 2019, and Kitchen did not effect service, nor did he seek an extension of time to do so.  He has opposed this motion, but argues only that his service was in compliance with federal rules and that Bossier Eats employees did not cooperate in providing him information on service.  Even if employees did not cooperate in his efforts to obtain information, however, Bossier Eats' Motion to Dismiss was filed in October, and any time during the ensuing months a simple search of the Louisiana Secretary of State's website would provide information needed for service on Bossier

---

[4]Under federal rules, "[a]ny person who is at least 18 years old and is not a party may serve a summons and complaint." FED. R. CIV. P. 4(c)(2).

6

Eats.  *See*

https://coraweb.sos.la.gov/commercialsearch/CommercialSearchDetails.aspx?CharterID=120549

0_E9B2E674B2 (last visited 05/11/2020).

Under these circumstances,  the Court finds no basis to, *sua sponte*, extend additional

time for Kitchen to effect service over eight months after the Complaint was filed.  *See Sys.*

*Signs Supplies*, 903 F.2d at 1013 (To establish good cause, a litigant must demonstrate "at least

as  much  as  would  be  required  to  show  excusable  neglect,  as  to  which  simple

inadvertence  or mistake of counsel or ignorance of the rules usually does not suffice"; the

litigant "must make a showing of good faith and establish 'some reasonable basis for

noncompliance within the time specified.'") (quoting 4A C. WRIGHT & A. MILLER, FEDERAL

PRACTICE AND PROCEDURE § 1165, at 480 (2d ed. 1987)).

Given this conclusion, the Court lacks jurisdiction to consider the remaining arguments

by Bossier Eats and Kitchen.[5]

### III.    CONCLUSION

For the foregoing reasons, Bossier Eats' Motion to Dismiss [Doc. No. 8] is

GRANTED IN PART and DENIED IN PART.  To the extent that Bossier Eats moves for

dismissal under Rule 12(b)(5) for insufficiency of service of process, the motion is GRANTED,

and Kitchen's Complaint is DISMISSED WITHOUT PREJUDICE.  The motion is otherwise

DENIED AS MOOT.  Kitchen's Motion for Summary  Judgment [Doc. No. 15] is also DENIED

---

[5]The Court notes, however, that it appears from his filings Kitchen no longer wishes to pursue claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Instead, he appears to assert only a wrongful termination under Louisiana law and a procedural due process claim.  Even if additional time for service were permitted, such claims would not be cognizable on the facts alleged.

AS MOOT.

**MONROE, LOUISIANA, this 12th day of May, 2020.**

                                      TERRY A. DOUGHTY
                    UNITED STATES DISTRICT JUDGE